**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:12-cv-02460-JLK-AP**

**CENTER FOR BIOLOGICAL DIVERSITY**, Colorado Chapter,
      Plaintiff,

v.

**JERRI MARR**, Forest Supervisor, and
**U.S. FOREST SERVICE**
      Defendants.

    and

**COLORADO MOTORIZED TRIAL RIDERS ASSOCIATION, COLORADO OFF HIGHWAY VEHICLE COALITION**, and **TRAILS PRESERVATION ALLIANCE**

      Defendant Intervenor Applicants.

---

**ORDER GRANTING INTERVENOR STATUS**

---

Kane, J.

      This matter is currently before me on Proposed Defendant Intervenors Colorado Motorized Trail Riders Association, Colorado Off Highway Vehicle Coalition, and the Trails Preservation Alliance's Motion to Intervene (Doc. 20).  Federal Defendants have indicated they take no position on the motion and Plaintiff has indicated it does not oppose the requested intervention.  After carefully considering the motion and the accompanying brief in support and applying the legal standards set forth by the Tenth Circuit in *San Juan County, Utah v. United States*, 503 F.3d 1163, 1188 (10$_{th}$ Cir. 2007)(en banc), I am persuaded to GRANT the motion. The clerk shall enter the answer attached as Exhibit 1 to their Motion to Intervene (Doc. 20).

Defendant Intervenors' participation is not, however, without limitation. Defendant Intervenors' participation will be limited in this action in the interest of the efficient conduct of the proceedings. Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment)).

Accordingly, counsel for Defendants and counsel for Defendant Intervenors must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion. Defendant Intervenors may file separate motions, responsive filings, or briefs only to raise arguments or issues Defendants decline to raise in their filings.[1] Those arguments must be limited to the claims raised by the original parties; arguments relating to collateral issues will be stricken as immaterial. Any separate filings must include a Certificate of Compliance, confirming compliance with this conferral requirement. The Certificate of Compliance should also include a statement that the Defendant's position does not adequately cover the issues they seek to raise.

Dated: October 25, 2012, 2012

BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Court Judge

---

[1] I decline to address the timing of Defendant Intervenors' filing. The parties should address such issues in their Joint Case Management Plan.