IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 12-cv-2460-JLK

CENTER FOR BIOLOGICAL DIVERSITY,

  Petitioner,

              v.

JERRI MARR, in her official capacity as Forest Supervisor, and
U.S. FOREST SERVICE,

  Respondents,

COLORADO MOTORIZED TRAIL RIDERS ASSOCIATION, *et al.,*

  Intervenor-Respondents.

_____
REVISED STIPULATED SETTLEMENT AGREEMENT
_____

      This Stipulated Settlement Agreement is entered into by the United States Forest Service and Jerri Marr, in her official capacity as Forest Supervisor ("Federal Respondents") and Petitioner, Center for Biological Diversity.  By and through their undersigned counsel, the parties state as follows:

      WHEREAS, the Pike and San Isabel National Forest includes Bear Creek, a creek that contains the greenback cutthroat trout, a species listed as "threatened" under the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* ("ESA");

      WHEREAS, the Forest Service has designated specific trails in the Forest as open to motorized use, including trails in the Bear Creek watershed;

1

WHEREAS, the Forest Service has been engaged in a stakeholder process to evaluate the use and management of trails in the Bear Creek watershed and plans to perform a Watershed Assessment during the 2012-13 winter season;

WHEREAS, on September 17, 2012, Petitioners filed a Petition for Review and Complaint for Declaratory and Injunctive Relief in this case, alleging that the Forest Service has failed to ensure, through consultation with the U.S. Fish and Wildlife Service ("FWS"), that designation of trails 665, 667, 668, 701, and 720 in the Bear Creek watershed as open to motorized vehicle use does not jeopardize the continued existence of the greenback cutthroat trout;

WHEREAS, although Federal Respondents do not admit any of the allegations or claims set forth in Petitioner's Complaint, and whereas Petitioner does not concede that Federal Respondents' implementation of the terms of this agreement satisfies the requirements of the ESA as alleged in its underlying claim for relief in this case, the parties, through their authorized representatives, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Petitioner's Complaint;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      For the portions of the trails occurring on Forest Service land, the Forest Service will close, on a temporary basis, the following trails to motorized vehicle use: (a) Trail 665 in its entirety; (b) Trail 668 in its entirety; (c) Trail 701 in its entirety; (d) Trail 720 at the junction with Trail 701; and (e) Trail 667 at both points A, at the junction of Trail 701, and B, on the saddle on the trail, as marked on the map attached as Exhibit A to this agreement.

2.     The temporary closures described in Paragraph 1 shall be effectuated using the following three-part procedure: (a) administrative closure; (b) signage of the closures at the trailhead and/or the appropriate points on the trail; and (c) physical installation of a fiberglass post in the middle of the trail tread, along with installation of a secondary post as necessary for placement of the Forest Order closing the trail to motorized use.  These procedures will be completed within 10 days of the Court's entry of this Agreement.

3.     The Forest Service will proceed with the planned Watershed Assessment referenced above.  After completion of the Watershed Assessment, the Forest Service will satisfy all substantive and procedural requirements, including ESA Section 7 consultation with the FWS, connected with decisions arising from the Watershed Assessment,.

4.      The portions of the trails closed pursuant to Paragraph 1 will not be re-opened until after completion of the ESA consultation process referenced in Paragraph 3.

5.     This Agreement does not affect Forest Service authorization or restriction of motorized vehicle use on any other trail except those specifically referenced in Paragraph 1.  This Agreement does not alter the Forest Service's authority to enforce any travel management decisions.

6.     This Agreement does not limit the Federal Respondents' authority with regard to the substantive outcome of any subsequent determinations.  To challenge any final determination issued in connection with the subject matter of this Agreement, Petitioners will be required to file a separate action.  Petitioner does not waive its ability to challenge substantive decisions made by Federal Respondents and Federal Respondents do not waive any applicable defenses.

7.     The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the

parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that any party seeks to modify the terms of this Agreement, or in the event of a dispute arising out of or relating to this Agreement, or in the event that any party believes that any other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other parties with notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim after meeting and conferring, any party may pursue relief from the Court. In the event that Petitioner believes that Federal Respondents failed to comply with a term of this Agreement and have not sought to modify it, Petitioner agrees not to enforce this Settlement Agreement, in the first instance, by initiating a proceeding for contempt of court.

8. Respondents agree that the Petitioner is entitled to reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Federal Respondents do not waive the right to contest the amount of reasonable attorneys' fees and costs claimed by Petitioner, including the hourly rate. The parties agree to make good-faith effort to resolve Petitioner's claim for attorneys' fees and costs without involving the Court.

9. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Respondents take action in contravention of the ESA, the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, NEPA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any

determination required herein, or as to the substance of any final determination.  Nothing in this Agreement shall be construed to limit Petitioner's ability to seek compliance with any law in a future legal challenge to any such final determination.

10.     No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Respondents are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341.

11.     The parties agree that this Agreement was negotiated in good faith and constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement no party waives any claim or defense.

12.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14.     Upon entry of this Agreement by the Court, all counts of Petitioner's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).  Notwithstanding the dismissal of this action, the parties hereby stipulate and request the Court to retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms until the date of any subsequent determination referenced in Paragraph 4 above.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

     Respectfully submitted this 29th day of November, 2012.

                                  */s/ Timothy J. Ream*
                                  Timothy J. Ream

CENTER FOR BIOLOGICAL DIVERSITY
351 California St. Ste. 600
San Francisco, CA 94104
Telephone: (415) 632-5315
Email: tream@biologicaldiversity.org

*/s/ Amy R. Atwood*
Amy R. Atwood
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211-0374
Telephone: (503) 283-5474
Email: atwood@biologicaldiversity.org


*Attorneys for Petitioner*



JOHN WALSH
United States Attorney
KEVIN TRASKOS
Assistant United States Attorney
1225 Seventeenth St., Suite 700
Seventeenth Street Plaza
Denver, CO 80202

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division


   */s/ Bridget Kennedy McNeil*
BRIDGET KENNEDY MCNEIL
Senior Trial Attorney
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1484
Fax: 303-844-1350
Email: bridget.mcneil@usdoj.gov


*Attorneys for the United States*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2012, I electronically filed the foregoing, along with the associated Proposed Order, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Timothy J. Ream        tream@biologicaldiversity.org

Amy R. Atwood         atwood@biologicaldiversity.org

Paul A. Turke            pat@msbtlaw.com


            */s/ Bridget Kennedy McNeil*
            BRIDGET KENNEDY MCNEIL
            Senior Trial Attorney
            Wildlife and Marine Resources Section
            999 18th Street
            South Terrace, Suite 370
            Denver, CO 80202
            Telephone: 303-844-1484
            Fax: 303-844-1350
            Email: bridget.mcneil@usdoj.gov